1

2                                    UNITED STATES DISTRICT COURT

3                                    EASTERN DISTRICT OF CALIFORNIA

4

5    NANCY ANNE BARONE,                              CASE NO. 1:19-cv-00101-GSA

6                     Plaintiff,
                                                     ORDER GRANTING MOTION FOR ATTORNEY
7              v.                                     FEES PURSUANT TO 42 U.S.C. 406(b)

8     KILOLO KIJAKAZI, acting                        (Doc. 34)
      Commissioner of Social Security,
9
                      Defendant.
10

11         Denise Bourgeois Haley (The Law Offices of Lawrence D. Rohlfing, Inc., CPC), counsel for

12   Plaintiff Nancy Anne Barone, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b).  Plaintiff

13   was served a copy of the motion on December 5, 2022 by mail with instruction to respond, if at all, within

14   14 days of Plaintiff's receipt thereof.  Doc. 34 at 23.  Plaintiff did not file a response.  Defendant responded

15   to the motion summarizing the applicable law but taking no position on the fee request.  Doc. 36.  For the

16   reasons below, the motion will be granted.

17        **I.      Background**

18         Plaintiff entered into a contingent fee agreement with counsel which provides for attorney fees of

19   25% of the past due benefits awarded.[1]  Doc. 34-1.  The agreement also provide that counsel would seek

20

21
            [1] Counsel did not provide an index of the 100+ pages of exhibits or pin-citations to: 1) the contingent fee agreement,
22   2) the amount of the past due benefit award, 3) the amount withheld by the agency, 4) the itemized billing statement
     documenting the number of hours expended and the tasks performed. Those are the simple pieces of information the Court
23   needs to assess the reasonableness of the fee, apply the uncomplicated legal standard set forth below, and to expeditiously grant
     the request and order that counsel be paid the fee. Counsel also provided inconsistent statements as to whom the check should
24   be made out, referring to the name of the firm as Law Offices of Denise Bourgeois Haley, Inc., CPC (Doc. 34 at 19) and Law
     Offices of Lawrence D. Rohlfing, Inc., CPC Doc. 34-8 at 1).
25         Clearly and concisely identifying and pin-citing that information would be much more helpful than what was provided
     here, namely: 1) an explanation on why rigid application of the lodestar method is inappropriate in contingent fee social security
26   cases (a proposition beyond doubt); 2) overly self laudatory claims that counsel's firm has experience which exceeds that of
     any other firm practicing in the field (a proposition which cannot be supported and need not be supported to grant the fee
27   request), and 3) metaphors and colorful descriptions about the importance of practice area specialization and efficiency. *See,*
     *e.g.*, Doc. 34 at 17 ("Knowing where the 'bodies are buried' avoids digging a lot of meaningless holes, time poured down the
28   drain."); *id.* ("The benefit of a practice that focuses on a specific area of law allows an efficiency to the frequent practitioner
     that does not inure to the occasional sojourner."); *id.* at 17–18 ("The mechanic that can perform a service in 60% of the time
     the book describes as standard billing gets to go home early or make 33% more by working all day. That is meritocracy at

                                                            1

1    fees pursuant to the Equal Access to Justice Act (EAJA), fees which would be refunded in the event of an

2    award of past due benefits and payment of the 25% contingency fee.  *Id.*

3        On January 23, 2019 Plaintiff filed a complaint for review of the administrative decision denying

4    Plaintiff's application for benefits.  Doc. 1.  The matter was fully briefed and the Court entered judgment

5    against Plaintiff on July 9, 2020.  Docs. 22-23.   Plaintiff appealed to the U.S. Court of Appeals for the

6    Ninth Circuit.  Doc. 25-27.  Before the resolution of the appeal, on September 22, 2020, the parties

7    stipulated to remand the matter to the agency for further proceedings.  AR 30.  The parties also stipulated

8    to the payment of EAJA fees in an amount of $5,800.  Doc. 33.  On remand the agency determined that

9    Plaintiff was disabled and entitled to past due benefits of $57,322.60  Doc. 34-3 at 2.  From the past due

10   benefit amount, the agency withheld $14,111.65 of which counsel seeks $8,110.  *Id.*

11      **II.**      **Legal Standard**

12        An attorney may seek an award of fees for representation of a Social Security claimant who is

13   awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, et seq] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable by the Court if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.  In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id*. at 808. In addition, the Court should

---

function.").

1   consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or

2   excessive delays, and whether the fees are "excessively large in relation to the benefits received."

3   *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc); *Vazquez v. Com'r of Soc. Sec.*, No.

4   1:17-CV-1646-JLT, 2020 WL 2793059, at *2 (E.D. Cal. May 29, 2020).

5       **III**.   **Analysis**

6       Here, Plaintiff was represented by experienced counsel and achieved a favorable result, namely a

7   stipulation to remand, entry of judgment, and ultimately a substantial award of past due benefits.  There

8   is no indication that counsel engaged in dilatory conduct, excessive delay, or substandard performance.

9   Counsel's itemized bill reflects 26.15 hours of time spent on tasks such as reviewing the administrative

10  transcript and drafting merits briefs, a reasonable amount of time for performance of those tasks.  Doc.

11  34-4.  Counsel seeks $8,110 in compensation of the $14,111 withheld based on 26.15 hours of work,

12  resulting in an effective hourly rate of $279 (based on total time expended by two attorneys minus

13  paralegal hours).  Although counsel's time expenditure was modest, the fee award would not amount to a

14  windfall.  Unlike fee motions governed entirely by the lodestar method, in contingency fee matters

15  pursuant to section 406(b) the lodestar is merely a guidepost, and a comparatively high effective hourly

16  rate is generally warranted to compensate counsel for the risk assumed in representing social security

17  claimants.  *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009).

18      Moreover, the $279 effective hourly rate sought here does not exceed rates approved by other

19  courts under section 406(b).  *See, e.g.*, *Williams v. Berryhill*, No. EDCV 15-919-KK, 2018 WL 6333695,

20  at *2 (C.D. Cal. Nov. 13, 2018) (effective hourly rate of $1,553.36); *Coles v. Berryhill*, No. EDCV 14-

21  1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94); *Palos*

22  *v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) ($1,546.39 per

23  hour).

24      The $8,110 total amount is also consistent with total contingent fee awards granted under section

25  406(b).  *See, e.g.*, *Ortega v. Comm'r of Soc. Sec.*, No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at

26  *3 (E.D. Cal. Aug. 21, 2015) ($24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331,

27  at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL

28

1 | 6712552, at \*2 (E.D. Cal. Dec. 19, 2013) ($20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB,

2 | 2011 WL 587096, at \*2 (E.D. Cal. Feb. 9, 2011) ($34,500).

3 |      Considering the character of the representation, the result achieved, and the fee amounts awarded

4 | in similar cases, the request here is reasonable.

5 |      Accordingly, it is **ORDERED** as follows:

6 |     1.    Counsel's motion for attorney fees pursuant to 42 U.S.C. 406(b) (Doc. 34) is granted.

7 |     2.    The Commissioner shall certify a payment of a gross award in the amount of $8,110

8 |         to the Law Offices of Lawrence D. Rohlfing, Inc., CPC.

9 |     3.    The Law Offices of Lawrence D. Rohlfing, Inc., CPC shall refund to Plaintiff Nancy Ann

10 |         Barone EAJA fees previously awarded in the amount of $5,800.

11 |

12 | IT IS SO ORDERED.

13 |     Dated:   **April 11, 2023**           **/s/ Gary S. Austin**

14 |                                UNITED STATES MAGISTRATE JUDGE